590 S.E.2d 651

Edward A. HOLIK, Jr., Administrator of the Estate of Edward Holik, and D. Paulette Byers, Administratrix of the Estate of Robert Moon, deceased, Plaintiffs Below, Appellants,

v.

CONSOLIDATION COAL COMPANY, Charles Bane, Earl Kennedy, Felecia Locke and Jeffrey Locke d/b/a/ Iron & Steel Processing, Jeffrey Urioste and Michael Urioste, Defendants Below, Appellees.

and

Robert Dean Hardman, Plaintiff Below, Appellee,

v.

Consolidation Coal Company, Charles Bane, Earl Kennedy, Felecia Locke and Jeffrey Locke d/b/a/ Iron & Steel Processing, Jeffrey Urioste and Michael Urioste, Defendants Below, Appellees.

No. 31225.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 8, 2003.

Decided Nov. 21, 2003.

Susan Van Zant, Esq., Williamson, West Virginia, Attorney for Appellants.

Roy C. Dripps, Esq., Lakin Law Firm, Wood River, Illinois, Pro hac vice for Appellants.

Ancil G. Ramey, Esq., Steven P. McGowan, Esq., Hannah B. Curry, Esq., Steptoe & Johnson, Charleston, West Virginia, Robert M. Vukas, Esq., Pittsburgh, Pennsylvania, Attorneys, for Consolidation Coal Company, Appellee.

Justice McGRAW dissents.

PER CURIAM:

In this case we affirm a jury verdict finding that a coal company was not liable for injuries to persons demolishing a coal tipple on the company's property.

## I.

In the instant case the appellants are Edward Holik, Jr., administrator of the estate of Edward Holik, deceased; and D. Paulette Byers, administratrix of the estate of Robert Moon, deceased.

In 1995, the appellee Consolidation Coal Company ("Consol") contracted with Felicia & Jeffrey Locke, dba Iron & Steel Processing ("I & S"), to dismantle and remove a coal tipple that was owned by—and located on land in Monongalia County, West Virginia owned by—Consol. The appellants' decedents were I & S employees. In April of 1996, Mr. Holik was injured and Mr. Moon was killed when the tipple collapsed while they were dismantling it.

As a result of the injuries to their decedents, the appellants filed suit, in Mingo County, West Virginia, against the Lockes, I & S, two other I & S employees, and Consol, setting forth a number of separately denominated causes of action. The circuit court transferred the case to Monongalia County, West Virginia. The Monongalia County Circuit Court subsequently granted summary judgment for Consol on the two counts of the complaint that claimed that Consol's negligence in selecting I & S to demolish the tipple gave rise to liability by Consol (the "negligent selection claim"). In support of their negligent selection claim, the appellants offered expert opinion to the effect that Consol should have more carefully investigated I & S in the process of selecting a party to dismantle and remove the tipple. The appellants also asserted claims that Consol had been negligent in its dealings with I & S during the dismantling and removal process, and that this conduct by Consol was a proximate cause of the appellants' decedents' injuries. The circuit court denied summary judgment to Consol on these claims.

Apparently because the other defendants filed for bankruptcy, the case went to trial against Consol alone. In November of 2001, a jury returned a verdict answering the following question:

Q: Do you find by a preponderance of the evidence that [Consol] was guilty of negligence which proximately caused damages to the Plaintiffs?

A: No.

The jury found for Consol and against the appellants, and the circuit court entered judgment on the verdict. The appellants appeal, urging this Court to reverse the jury verdict and order a new trial, because the jury was not permitted to consider the appellant's negligent selection claim; and because the case was improperly transferred to Monongalia County.

## II.

"A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963). We review summary judgment orders *de novo.*

Upon review of the briefs in the instant case and researching the issue in our case law, we believe that the circuit court was correct in its observation—and Consol is correct in its argument—that this Court has not in any case upheld an award to an injured employee based on a claim against another

party who had allegedly negligently selected the injured person's employer.[1]

This Court has recognized the possibility that a selecting party might in some circumstances have a duty of due care in selection that could run to an employee of a negligently-selected party, see *Russell v. Bush & Burchett*, 559 S.E.2d 36, 43 n. 11, 210 W.Va. 699, 706 n. 11 (2001), citing *Bagley v. Insight Communications*, 658 N.E.2d 584 (Ind.1995); see also *Sievers v. McClure*, 746 P.2d 885 (Alaska 1987). But we have never had presented to the Court any factual or legal circumstances under which such a claim was approved.[2] Nothing in the record or arguments before us suggests that allowance of such a claim was appropriate in the instant case.

 Consol, while not conceding that the negligent selection claim was in any fashion a viable one, also argues that the submission to the jury of the general negligence question in the jury verdict form, the evidence at trial, and the instructions to the jury regarding Consol's duty to provide a safe place to work for the I & S employees, effectively allowed the jury to consider issues of negligent selection. The appellants point to nothing in the record that counters this argument by Consol. The appellants have not directed our attention to any evidentiary proffer or ruling that excluded them from presenting any evidence of negligence by Consol in connection with the dismantling and removal of the tipple.[3]

We agree, based on the record before us, that the appellants had a fair opportunity to assert Consol's responsibility for their decedents' injuries in connection with their claims that Consol had failed to properly monitor, supervise, and control the dismantling and removal process.

We therefore conclude that the circuit court did not err in granting summary judgment on the negligent selection claim, and that the appellants received a fair trial.[4]

## III.

For the foregoing reasons, we affirm the circuit court's order entering judgment on the jury's verdict.

*Affirmed.*

---

1. This Court has specifically rejected a claim where a party's asserted liability to an employee of a contractor was premised on a strict liability theory. See Syllabus Point 2, *Peneschi v. National Steel Corp.*, 170 W.Va. 511, 295 S.E.2d 1 (1982). .

2. In *Kerns v. Slider Augering*, 202 W.Va. 548, 556, 505 S.E.2d 611, 619 (1997) (*per curiam*), we held that an injured employee who induced a party to select the company that employed the employee could not assert a negligent selection claim against the selecting party.

3. Neither the appellants nor Consol have designated the trial transcript in this case as part of the record before this Court, so it is impossible for us to review the trial itself in evaluating the effect of the circuit court's ruling granting Consol's partial summary judgment motion.

4. We have reviewed the appellants' arguments regarding the propriety of the circuit court's action in transferring the case to Monongalia County, where the accident took place. We agree with Consol that this was a proper exercise of the circuit court's discretion under *W.Va.Code*, 56-1-1(b) [1986].